PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES LEONARD GALLOWAY, ) | |
| ) | CASE NO. 4:16cv572 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| WARDEN FCI - ELKTON, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** |

*Pro se* Plaintiff Charles Galloway, a federal prisoner incarcerated at FCI Elkton, has filed this *in forma pauperis* civil action against the "Warden," Dr. Dunlop, and Nurse M. Tomko, contending he is asserting claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and for "malpractice."

The only allegations Plaintiff sets forth in his complaint are that he went to sick call, but the "doctor" said he was faking. After he stood up to explain, Nurse Tomko called an emergency and he was sent to a special housing unit. Plaintiff alleges he had an aneurysm while in segregation and that Dr. Dunlop did not properly examine him. He asks the Court to vacate his sentence and give him $10 million in damages.[1]

---

[1] Plaintiff filed a previous civil rights action arising from these same facts against the "FCI Medical Department," which this Court dismissed pursuant to 28 U.S.C. § 1915A. *See Galloway v. FCI Medical Department*, Case No. 4:15 CV 2276.

(4:16cv572)

### Standard of Review

District courts are required, under 28 U.S.C. §§ 1915(e) and 1915A, to screen and dismiss before service any portion of an *in forma pauperis* action, or any action in which a prisoner seeks redress from an officer or employee of a governmental entity, that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). In order to state a claim on which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *See id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §§ 1915(e) and 1915A).

### Analysis

After review, the Court finds that Plaintiff's complaint may proceed past this initial screening stage only to the extent it purports to allege tort "malpractice" claims based on conduct of Dr. Dunlop and Nurse Tomko.[2] ECF No. 1-1 at PageID #: 7. Plaintiff's complaint, however,

---

[2] Tort claims based on conduct of federal employees acting within the scope of their employment may be brought only against the United States pursuant to the Federal Tort Claims Act. *See Rector v. U.S.*, 243 F. App'x 976, 978 (6th Cir. 2007). Before a plaintiff may pursue a claim under the FTCA, he must first exhaust his administrative remedies. *See id.* Construed liberally in his favor, Plaintiff's filings suggest that he contends he has properly exhausted his administrative remedies under the FTCA. *See* ECF No. 4.

2

(4:16cv572)

must be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A to the extent it alleges claims under 42 U.S.C. § 1983 and *Bivens*.

Because Plaintiff is a federal prisoner suing federal prison officials and employees, he has no viable claim under 42 U.S.C. § 1983, as that statute only prohibits constitutional violations by defendants who act under color of state law. See 42 U.S.C. § 1983.

*Bivens* provides federal prisoners a limited cause of action for damages against individual federal defendants alleged to have violated their constitutional rights. Plaintiff's allegations, however, are insufficient to allege a plausible *Bivens* claim. The complaint fails to allege a plausible claim against the Warden because it contains no allegations of any conduct whatsoever on the part of the Warden, and it is well-settled that *respondeat superior* alone cannot form the basis of liability in a *Bivens* action. See *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003).

The allegations in the complaint are also insufficient to support a plausible *Bivens* claim against Doctor Dunlop and Nurse Tomko. Prison officials violate a prisoner's constitutional rights under the Eighth Amendment with regard to medical care only when they are "deliberately indifferent" to the prisoner's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference is characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). To prove the required level of culpability, a plaintiff must allege facts suggesting the official in question "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously

3

(4:16cv572)

disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010). Allegations of medical malpractice or negligent diagnosis and treatment are insufficient to state a constitutional claim. *Jennings v. Al-Dabagh*, 97 F. App'x 548, 549–50 (6th Cir. 2004).

Even liberally construed, Plaintiff's few, generalized allegations do not support plausible inferences that either Dr. Dunlop or Nurse Tomko were "deliberately indifferent" to his medical needs. His allegations do not support plausible inferences that Dr. Dunlop and Nurse Tomko subjectively knew, and drew an inference of a substantial risk of harm to Plaintiff's health at the time he presented in sick call. To the contrary, Plaintiff's allegations at the most suggest Dr. Dunlop and Nurse Tomko subjectively believed that Plaintiff was faking a medical condition and acting inappropriately. Even assuming Dr. Dunlop and Nurse Tomko were incorrect in their assessments, and/or negligently failed to properly diagnosis and treat the plaintiff, such allegations are insufficient to support constitutional claims for "deliberate indifference" under *Bivens*.

**Conclusion**

For the reasons stated above, this action is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A to the extent it alleges claims under 42 U.S.C. § 1983 and *Bivens*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this dismissal could not be taken in good faith.

This action may proceed only to the extent it purports to allege tort claims for malpractice against Dr. Dunlop and Nurse Tomko. The Clerk's Office is therefore directed to forward the

(4:16cv572)

appropriate documents to the U.S. Marshal for service of process on these defendants for purposes of tort claims, and **a copy of order shall be included with the documents to be served**.

    IT IS SO ORDERED.

| | |
|---|---|
| June 30, 2016 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |