PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES LEONARD GALLOWAY, | ) | |
| Plaintiff, | ) ) ) | CASE NO. 4:16CV572 |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| WARDEN, *et al.*, | ) ) | |
| Defendants. | ) ) | **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 21, 22] |

Pending before the Court are Plaintiff's Motions to Amend. ECF Nos. 21, 22. Although Plaintiff cites Fed. R. Civ. P. 15, Plaintiff also asks the Court to reconsider its ruling dismissing Plaintiff's 42 U.S.C. § 1983 and *Bivens* claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A. ECF No. 21 at PageID #: 117 (asking the Court to "please reconsider" Plaintiff's claims); ECF No. 22 at PageID #: 120 (same). For the following reasons, the Court denies Plaintiff's Motions to Amend his Complaint. To the extent these Motions can be considered Motions to Amend Judgment, they are also denied.

## I. Background

*Pro se* Plaintiff Charles Galloway, a federal prisoner incarcerated at FCI Elkton, filed this *in forma pauperis* civil action against the Warden, Dr. Dunlop, and Nurse M. Tomko, asserting claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and for "malpractice." In his Complaint, Plaintiff alleges that he went to sick call, but the doctor said he was faking. ECF No. 1 at PageID #: 4. He stood up, and

(4:16CV572)

Nurse Tomko called an emergency. *Id.* Plaintiff was sent to a special housing unit, where he contends he had an aneurysm. *Id.* Plaintiff contends that Dr. Dunlop did not properly examine him. *Id.* at PageID #: 5. He asks the Court to vacate his sentence and give him $10 million in damages. *Id.* at PageID #: 6.

After reviewing the case pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court allowed Plaintiff's Complaint to proceed past the initial screening stage "only to the extent it purports to allege tort 'malpractice' claims based on conduct of Dr. Dunlop and Nurse Tomko." ECF No. 7 at PageID #: 42. The Court determined that because Plaintiff was a federal prisoner suing federal prison officials and employees, he had no claims under 42 U.S.C. § 1983, as the statute only prohibits constitutional violations by defendants acting under color of state law. *Id.* at PageID #: 43. Furthermore, although *Bivens* provides federal prisoners with a limited cause of action to pursue damages for violations of their constitutional rights, Plaintiff had not alleged a plausible claim for such relief. *Id.* Additionally, because Plaintiff's Complaint did not include any allegations of conduct by the Warden, he was dismissed from the case. *Id.*

## II. Motion to Amend or Alter Judgment

Plaintiff asks the Court to "please reconsider a claim of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, [403 U.S. 399 (1971)], 42 U.S.C. § 1983, Amendments V, VIII, XIV to the United States Constitution, Due Process, Federal Torts Claims Act, mental distress, summary judgment, negligence, exemplary damages, deliberate indifference, negligence per se, intentional infliction of emotional distress, 5 U.S.C. § 552(A)(4)(B), punitive damages, and gross negligence." ECF No. 21 at PageID #: 117; *see also* ECF No. 22 at PageID #: 120.

2

(4:16CV572)

He also asks the Court to reopen another case, 4:16CV1219 *Galloway v. United States Department of Justice* (closed July 29, 2016). To the extent Plaintiff asks the Court to amend its judgment, the Court denies the Motion.

When faced with a timely motion, a district court may grant a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) only if there was (1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice. *Am. Civil Liberties Union v. McCreary Cty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). A district court "has considerable discretion in deciding whether to grant [a Rule 59(e)] motion." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *see also Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court.").

Plaintiff has not presented an basis for reconsideration. He does not argue that there is a clear error of law, newly discovered evidence, or an intervening change in controlling law. Nor has he demonstrated a need to prevent manifest injustice. Plaintiff's Motion largely reiterates the arguments made in his initial Complaint, and does not remedy the errors that caused the Court to dismiss his *Bivens* and Section 1983 claims. ECF No. 22 at PageID #: 129–30. Otherwise put, there is no evidence that reconsideration would yield a different result, and the Court's analysis would likely remain unchanged. Furthermore, although he seeks to reopen his previously filed case, he offer no justification for doing so.

(4:16CV572)

Because there is no legal basis upon which the Court should reconsider, the Court denies the Motion to Alter or Amend its Judgment.

### III. Motion to Amend Complaint

Plaintiff moves to amend his Complaint pursuant to Fed. R. Civ. P. 15. ECF No. 21 at PageID #: 117; ECF No. 22 at PageID #: 120. Although Fed. R. Civ. P. 15 instructs that leave to amend should be "freely" granted "when justice so requires," a court need not grant leave to amend if amending would be futile. *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

In this case, the Court denies Plaintiff's Motion to Amend his Complaint, as amendment would be futile. The Court already permitted Plaintiff's medical malpractice claims to proceed against Defendants Tomko and Dunlop. He does not provide support for his conclusory allegations that he suffered mental distress, summary judgment, negligence, exemplary damages, deliberate indifference, negligence per se, and intentional infliction of emotional distress. ECF No. 22-1 at PageID #: 129–31.

Plaintiff does not make allegations against any state actors warranting the addition of a Section 1983 claim, and does not elaborate on any claim he might have against the Warden. *Id*. Nor does Plaintiff expand upon his *Bivens* claims against the defendants. *Id*. Although he lists various allegations regarding his constitutional rights under the Eighth Amendment, as the Court explained in its initial Order, Plaintiff must demonstrate deliberate indifference in order to establish an Eighth Amendment violation. Even when liberally construed, Plaintiff's allegations do not support a plausible claim that Defendants were deliberately indifferent to his illness. *See*

(4:16CV572)

ECF No. 7 at PageID #: 44.  Plaintiff also does not support his Fifth and Fourteenth Amendment claims with allegations of unconstitutional conduct.

Finally, Plaintiff does not specify what cause of action he has under 5 U.S.C. § 552, the Freedom of Information Act.  ECF No. 22-1 at PageID #: 130 (Plaintiff's only reference to the Act, in which he quotes the Act's mandate that records shall be kept).

Therefore, the Court denies Plaintiff's Motion to Amend his Complaint.

### IV.  Service

Plaintiff has not yet perfected service on Defendants.  Because Defendants no longer work at FCI Elkton, the U.S. Marshal was unable to serve Defendants.  ECF Nos. 11, 13.  The Court ordered Plaintiff to provide additional information to assist the U.S. Marshal in serving Defendants.  ECF No. 15.

As instructed, Plaintiff filed a letter to the Court regarding service.  ECF No. 16.  Although he was informed that Defendants no longer work at FCI Elkton, Plaintiff only provided the FCI Elkton address.  *Id*.  This time, the summons was stamped as "received" and signed for by "J. Remish."  ECF No. 19 at PageID #: 10, 11.  There is no indication that Defendants actually received the summons, and given that they no longer work at the prison, it is unlikely that they were put on notice by the service.

Fed. R. Civ. P. 4(m) requires the plaintiff to serve the summons and complaint upon the defendant within ninety days after the complaint is filed.  Defendants have not yet been properly served.  Within thirty days of this Order, Plaintiff shall file a notice on the docket, providing an address other than FCI Elkton where Defendants can be served, as well as any additional

(4:16CV572)

information that would assist the U.S. Marshal in executing service. If Plaintiff does not provide additional information, pursuant to Fed. R. Civ. P. 4(m), the action will be dismissed without prejudice on September 18, 2017.

### V. Conclusion

For the foregoing reasons, the Court denies Plaintiff's Motion to Amend his Complaint. To the extent Plaintiff seeks an amendment of judgment, it is also denied. Plaintiff shall file a notice on the docket, providing an address other than FCI Elkton where Defendants can be served, as well as any additional information that would assist the U.S. Marshal in executing service within thirty (30) days of this Order.

IT IS SO ORDERED.

August 18, 2017           */s/ Benita Y. Pearson*
Date                               Benita Y. Pearson
                                        United States District Judge